# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:98-cr-00297-W

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| JEROME KEITH HUNT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. No. 246) based upon the retroactive application of the crack cocaine penalty reduction imposed by the United States Sentencing Commission. See United States Sentencing Commission Sentencing Guidelines, Amendment 706 (reducing the guideline range for crack cocaine offenses, effective November 1, 2007) and Amendment 711 (making Amendment 706 retroactive, effective March 3, 2008). The Government responded in opposition to the motion (Doc. No. 252). The Court has reviewed Defendant's case to determine whether he is eligible for a sentence reduction. Although it appears (and the Government concedes) that Defendant would be eligible for a sentence reduction, based upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and the reasons supporting the initial sentence, the Court declines to grant the motion.

Defendant Jerome Keith Hunt was indicted on November 11, 1998, and charged with one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 846. On June 10, 1999, Defendant entered into a written plea agreement with the Government, pursuant to which the Government agreed to recommend a three-level reduction according to

U.S.S.G. § 3E1.1 provided that Defendant acknowledged the nature and extent of all relevant conduct. The parties also agreed to stipulate that the amount of cocaine base reasonably foreseeable to Defendant was 1.5 kilograms of crack cocaine. Additionally, Defendant agreed to cooperate with the government and provide truthful information about the instant offense and about any other criminal activity within his knowledge.

It is uncontested that Defendant's original guideline range of imprisonment was between 292 and 365 months, based on an offense level of thirty-seven (37) and a criminal history category of IV as calculated by the Guidelines as they existed at the time of Defendant's sentencing. On October 27, 1999, the Court sentenced Defendant to be imprisoned for 292 months. On February 9, 2000, the Government filed a motion to reduce Defendant's sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure based upon his substantial assistance. The Court then departed downward eight offense levels to a level 29 and reduced Defendant's sentence to 121 months' imprisonment. Defendant now requests this Court to reduce his sentence to 120 months, which is the mandatory minimum term of imprisonment in this case. This would result in the immediate release of Defendant.

Section 3582(c)(2) of Title 18 provides that in the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," upon motion of the defendant or upon its own motion, the court *may* reduce the term of imprisonment, "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. The text of § 1B1.10, as amended, makes clear in subsection (a)(3) that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement

do not constitute a full resentencing of the defendant." Id. § 1B1.10(a)(3). In the Commentary to § 1B1.10, the Sentencing Commission emphasized that the decision to grant a sentence reduction authorized by retroactive amendments is a discretionary decision, making clear that defendants are not entitled to such reductions as a matter of right: "The authorization of such a discretionary reduction . . . does not entitle a defendant to a reduced term of imprisonment as a matter of right." Id. Background Commentary; see also U.S.S.G. § 1B1.10(a)(1) (indicating that the Court "*may* reduce the defendant's term of imprisonment," thereby recognizing that a resentencing is discretionary) (emphasis added). In addition to considering the nature and circumstances of the offense, the history and characteristics of the defendant, and the other sentencing factors set forth in 18 U.S.C. § 3533(a), Application Note 1(B)(iii) to §1B1.10 explicitly provides that a court may consider post-sentencing conduct of the defendant in determining the propriety and the extent of any reduction. See United States Sentencing Commission Sentencing Guidelines § 1B1.10 cmt. n.1(B)(iii).

The full record before the Court, including the original Presentence Report, indicates that during the course of the conspiracy, Defendant knowingly and voluntarily participated in a crack cocaine distribution organization that spanned from January 1988 all the way through 1998. During this decade-long distribution scheme, Defendant and his co-conspirators regularly employed violence or the threat of violence as a means to their distribution ends. Defendant was known to carry firearms, including a .38 caliber revolver and an Uzi, and other members of the conspiracy also used firearms for the purpose of protection and intimidation.

In addition to the violent nature of Defendant's conduct during the conspiracy and the length of the conspiracy, the Court in this case has already granted Defendant an extensive reduction in

sentence to 41% of the low-end of the original guideline range and to just one month over the mandatory minimum for the amount of drugs foreseeable to Defendant. Furthermore, Defendant's behavior while in prison has demonstrated that he is not prepared to abide by the law. Along with threats of bodily harm to prison staff and a total of ten disciplinary citations over the course of his six years in prison, Defendant was once cited for engaging in a sexual act after exposing himself to female staff.

Therefore, the Court finds that, under the facts and circumstances of this case, and in consideration of the relevant sentencing factors at § 3553(a), the original sentence is, and remains, appropriate and that no adjustment is warranted in this case. Accordingly, Defendant's motion (Doc. No. 246) is DENIED.

    IT IS SO ORDERED.

Signed: May 8, 2008

Frank D. Whitney
United States District Judge